**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

April 7, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE:     <u>U.S. EEOC v. Thomas B. Finan Center</u>
        Civil No. 1:22-cv-02407-JRR

Dear Counsel:

Presently before the Court is a dispute regarding whether Defendant should be permitted to take the depositions of both Plaintiff and Plaintiff's investigator.  The Court has considered Plaintiff's March 29, 2023 Memorandum in Support of Request For Protective Order (ECF No. 39), and the Court has considered Defendant's April 5, 2023 Opposition (ECF No. 40).  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons explained below, the Court shall grant in part and deny in part Plaintiff's request.

*1.   Defendant Shall Not Depose Plaintiff.*

Regarding a deposition of Plaintiff itself, Plaintiff argues that Defendant is merely attempting to take a deposition of Plaintiff's "attorneys by proxy . . . ."[1]  (ECF No. 39 at p. 3).[2]  This Court has previously recognized that "a protective order is appropriate where the notice topics would effectively result in the deposition of opposing counsel and where other means of obtaining the discovery were available because such a deposition would likely invade attorney opinion work product and be an undue burden on the parties and the court." *E.E.O.C. v. McCormick & Schmick's Seafood Rests., Inc.*, No. WMN-08-CV-984, 2010 WL 2572809, *2 (D. Md. June 22, 2010) (citing *S.E.C. v. SBM Inv. Certificates, Inc.*, No. 06-0866, 2007 WL 609888 (D. Md. Feb. 23, 2007)).  In *S.E.C.*, the Court found

> (a) that some of the matters in the deposition notice directly sought opinion work product, such as the results of SEC's investigation of the case, (b) that even as to other subject areas the notice was the fundamental equivalent of a notice to depose SEC counsel, as SEC . . . is a law enforcement agency without independent

---

[1] Plaintiff also argues that the deliberative process privilege prevents the noticed depositions.  (ECF No. 39 at p. 2). However, unless Defendant asks a question at a deposition and that question intrudes on Plaintiff's deliberative process privilege, it would be premature for the Court to deny a deposition solely on such grounds.  *See, e.g.*, *EEOC v. Sterling Jewelers Inc.*, No. 08-CV-00706(A)(M), 2010 WL 2803017, at *2 (W.D.N.Y. July 15, 2010) (finding that objection based on deliberative process privilege was premature prior to the defendants actually asking a question at a deposition that intrudes on that privilege) (other citations omitted).

[2] When the Court cites to a specific page number, it is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

knowledge of the transactions giving rise to the litigation and responsive information would only be known through work product efforts of its counsel, (c) that the process of preparation of any designee who was not counsel would inevitably result in intrusion into attorney opinion work product, and (d) that the deposition was unwarranted given the availability of other forms of discovery to elicit factual evidence in the case.

*McCormick*, 2010 WL 2572809, at *3 (citing *S.E.C.*, 2007 WL 609888, at *22–26).   In *McCormick*, the Court concluded that the "persuasive reasoning [in *S.E.C.*] applies equally here where the subjects outlined in the 30(b)(6) deposition notice on their face seek attorney work product and would require the deposition of EEOC counsel or a proxy prepared by counsel."[3] *McCormick*, 2010 WL 2578209, at *5.

Here, Plaintiff asserts that following conciliation—which occurred post-investigation—the only employees of Plaintiff who would have spoken to anyone following the attempted conciliation would have been Plaintiff's attorneys.  (ECF No. 39-1 at p. 4; ECF No. 39-3 at p. 1).[4]  The Court is convinced that (1) a deposition of Plaintiff essentially would be a deposition of Plaintiff's counsel, (2) the noticed testimonial topics likely would impermissibly intrude upon non-waived privilege or attorney work product, and (3) the information sought is available—and apparently has been received—through other forms of discovery.  To the extent Defendant requests the opportunity to depose Plaintiff subject to objections and assertions of privilege regarding individual questions, the Court finds that such a plan of action would likely "result in an unnecessary additional burden for the parties and the [C]ourt in resolving the inevitable questions of attorney-client privilege and work product that would arise[,]" as well as deliberative process privilege.  *McCormick*, 2010 WL 2572809 at *4 (citing *S.E.C.*, 2007 WL 609888 at *25–26).  This is especially so considering the availability of less burdensome discovery methods.

---

[3] The notice of deposition in *McCormick* included fifteen (15) testimonial topics, and the Court rejected the defendant's request to depose the EEOC on any of those topics.  Nearly all of the noticed topics sought "factual information." *Id.* at *1–2.  Here, Defendant included only four (4) testimonial topics in its notice of deposition. (ECF No. 39-1 at p. 1).  By way of example, one testimonial topic included in the notice of deposition in *McCormick* pertained to "[f]actual information and documents that reflect any communication between the EEOC and the individuals whom EEOC claims to represent in this action, where such communication occurred prior to the establishment of attorney-client relationship between that person and the EEOC." *McCormick*, 2010 WL 2572809 at *2.  This is strikingly similar to Defendant's requested testimonial topic of "[c]ommunications before suit was filed between the E.E.O.C., the class members, and potential claimants . . . ." (ECF No. 39-1 at p. 1).  Even if certain testimonial topics requested in *McCormick* were not facially intrusive upon attorney work product or other privileged material, the Court still refused to allow the requested deposition in its entirety.  *McCormick*, 2010 WL 2572809 at *6.

[4] Plaintiff's investigator, Victor Owolabi, further declares that with only two exceptions, he was "the only EEOC employee to communicate with the Charging party, Respondent, and any potential witnesses from the time of Ms. Johnson's online inquiry through failure of attempted conciliation and denial of reconsideration[.]" (ECF No. 39-2 at p. 1, ¶ 3).  The two exceptions include (1) the unit supervisor who conducted Ms. Johnson's intake interview, and (2) the Field Office Director who signed EEOC's Letter of Determination, Failure of Conciliation notice, and denial of motion to reconsider.  *Id.*

2. *Defendant Shall Be Permitted to Depose Plaintiff's Investigator.*

The crux of Plaintiff's argument against Defendant deposing Plaintiff's investigator, Mr. Owolabi, is that "Defendant has already conducted this discovery several times, and there is nothing further that testimony can add." (ECF No. 39 at p. 5). Furthermore, Plaintiff contends that Mr. Owolabi "carries 75 to 100 cases to investigate at any given time, and must spend one work week in three simply taking in new charges." *Id.* at p. 6.

To the extent Plaintiff attempts to argue that the deposition of Mr. Owolabi would subject Plaintiff to an unjustified burden, the Court disagrees.[5] "[T]he government as a litigant seeking affirmative relief ordinarily should have to disclose materials that a private plaintiff would have to turn over in order to avoid unfair surprise to the other side." *Allen v. Hearst Corp*, Nos. WN-90-35, WN-90-3012, 1991 WL 323020, at *2 (D. Md. Aug. 16, 1991) (denying a motion to compel the deposition of EEOC investigator—who had already been subject to a lengthy deposition—because, *inter alia*, it appeared that the "deliberative process privilege would apply to virtually all of the requested discovery.") (other citation omitted).

Furthermore, the Court disagrees with Plaintiff's argument that any attempt to obtain additional information by deposing Plaintiff's investigator would be in vain. To the extent Defendant intends to ask about non-privileged information limited to facts gathered during such investigation, "Defendant can test through deposition[] the accuracy and completeness of the information provided [to] it from [P]laintiff's investigative file." *EEOC v. Luihn Food Sys., Inc.*, No. 5:09-CV-387-D, 2011 WL 649749, *4 (E.D.N.C. Feb. 11, 2011) (citing *EEOC v. Albertson's LLC*, No. 06-cv-01273-WYD-BNB, 2007 WL 1299194, at *1 (D. Col. May 1, 2007)); *see also E.E.O.C. v. Reed Pierce's Sportsman's Grille, LLC*, No. 3:10CV541-WHB-LRA, 2012 WL 3150272, *1 (S.D. Miss. Aug. 1, 2012) (granting motion to compel deposition of EEOC investigator because the information sought was not privileged to the extent the defendant sought to question the investigator regarding steps taken in the investigation, the documents produced, any inconsistencies between the log and documents, etc.). To be clear, the deposition of Plaintiff's investigator should be limited to the fact-gathering aspect of the investigation, and it should steer clear of any recommendations or conclusions drawn by the investigator as to those facts.

In its Opposition, Defendant indicates that it wants to obtain the "story of the investigation: What documents and information were requested? From whom? What documents and information were provided? By whom? Who was interviewed? What information was obtained?" (ECF No. 40 at p. 4). The Court notes that Plaintiff's investigator is likely the person best suited for providing the information Defendant seeks. However, the Court notes that Defendant's explanation of what it seeks seems to push the line as it pertains to appropriate areas of inquiry. The Court reminds Defendant that "[t]he great majority of case law supports the conclusion that the adequacy of the EEOC's investigation is not a relevant issue for trial." *Allen*, 1991 WL 323020, at *1.

---

[5] The Court also notes Plaintiff's repeated assertion that it was unable to find a case wherein a defendant sought to depose the EEOC or the EEOC's investigator when the only claim was brought under the Equal Pay Act ("EPA"). (ECF No. 39 at pp. 3 & 4, n. 6). However, Plaintiff never indicates why such an occurrence, or lack thereof, is relevant to the Court's analysis.

<u>Conclusion</u>

For the reasons set forth above, Defendant shall not be permitted to depose Plaintiff, however, Defendant may depose Mr. Owolabi in his role as Plaintiff's investigator as to the facts gathered during his investigation, from whom they were gathered, when they were gathered, and what factual clarifications (if any) are necessary based on Defendant's review of the materials already provided by Mr. Owolabi.

Sincerely yours,

_____/s/_____
J. Mark Coulson
United States Magistrate Judge

CC: The Honorable Julia R. Rubin

4