UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:22-cv-2407-MJM |
| Plaintiff, | | |
| v. | | |
| THOMAS B. FINAN CENTER, MARYLAND DEPARTMENT OF HEALTH | | |
| Defendant. | | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO ENFORCE THE PARTIES' AGREED-TO CONSENT DECREE**

Defendant's failure to bring this matter to a close perpetuates its withholding of wages owed to the four female claimants who, for years, were denied fair pay, and further delays the implementation of equitable relief to ensure that discriminatory pay practices do not reoccur. Absent from Defendant's Opposition to the Commission's Motion is any argument that any provision of the parties' proposed Consent Decree has not been agreed to. That is because it is undisputed that the parties have agreed to the duration of the Decree, the nature of the equitable relief, the monetary damages owing to the claimants, and all the language setting forth these provisions.

The existence of this agreement notwithstanding, Defendant claims it isn't so. In arguing against the formation of an agreement, Defendant relies on the necessity of receiving approval from the Maryland Board of Public Works ("BPW") before the Consent Decree can be

considered a binding agreement. But Defendant's argument is flawed for three reasons. First, the Consent Decree contains numerous equitable provisions addressing Defendant's prevention of future sex-based pay discrimination, divorced from any monetary relief, and Defendant has not demonstrated that BPW has any oversight of those provisions. Second, Defendant's argument that BPW must approve the agreement is undermined by the statute's permissive, rather than mandatory, language regarding BPW's payment of settlements with the State, and by Defendant's corresponding failure to demonstrate that payment to the claimants must be authorized by BPW. Third, the statutory language makes clear that BPW's approval is premised on an already-existing agreement, and without an agreement, there would be nothing to send to BPW for "payment." The statute provides as follows:

> ***Payment* Authorized**
>
> Subject to the limitations in this subtitle, the Board of Public Works ***may***:
> (1) pay wholly or partly a ***settlement or judgment*** against the State or any State personnel; and
> (2) include, in the payment, counsel fees and costs.

MD Code, State Government, § 12-404 (emphasis supplied).

> **Approval of *payment***
> (a)(1) The Board of Public Works ***may approve payment of a settlement, a judgment***, or counsel fees under Subtitles 3 and 4 of this title with or without a hearing, and direct payment from:
> (i) money appropriated for that purpose in the State budget;
> (ii) money appropriated to the State Insurance Trust Fund for that purpose; or
> (iii) the General Emergency Fund.
> (2) The Board of Public Works ***may approve payment of a settlement, a judgment,*** or counsel fees under Subtitles 3 and 4 of this title with or without a hearing ….

MD Code, State Government, § 12-501 (emphasis supplied). In arguing that BPW's approval is necessary before the Consent Decree is considered an agreement, Defendant conflates the role of BPW, approver of funding expenditures in excess of $10,000, with Defendant's role as the

2

negotiator and approver of settlement terms. In fact, BPW authorizes payment, not the content of the underlying agreement or judgment.[1]

While Defendant claims that EEOC, having litigated previously against the State, is well aware of BPW's role in the approval process, until now EEOC has not come across the glacial movement of a consent decree from the defendant agency to the BPW. And fully aware of BPW's role in the payment of monetary settlements (*see, e.g.* ECF No. 71-1, note 2), EEOC already recognized in its Supporting Memorandum that the problem here is Defendant's inexplicable inability to get this matter before BPW when counsel for Defendant and the Commission long ago agreed to the entire Consent Decree. *See* ECF No. 71-2, Declaration of Debra M. Lawrence. In this posture, Defendant's reliance on *Ozyagcilar v. Davis,* 701 F.2d 306 (4th Cir. 1983) is unhelpful, as there, the lower court acted as the arbiter of a disputed provision, after which it declared the existence and enforceability of a settlement agreement. Here, no terms are in dispute.

Defendant also suggests that the lack of signature on the written Consent Decree defeats its enforceability. But even oral agreements, if meeting contract principles, are enforceable. *See Swift v. Frontier Airlines, Inc.,* 636 Fed. Appx. 153 (4th Cir. Jan. 7, 2016), citing *Hensley v. Alcon Labs.,* 277 F.3d 535, 540 (4th Cir. 2002) ("Having second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement . . . and the fact that the agreement is not in writing does not render it unenforceable.").

Nor is the enforceability of the Consent Decree undermined by Defendant's argument that its counsel lacked authority to agree upon its terms ("Here, there is a factual dispute over the authority of the attorneys to enter into the agreement.") ECF 72.1 at 2. Defendant's initial

---

[1] And, of course, BPW would lack authority to approve a judgment.

proposed Consent Decree to the Commission, replete with monetary and equitable provisions, was not conditioned on anyone's approval.[2] *See* ECF No. 71-2, Attachment 1. Regardless of how the State of Maryland sources the funding of the Decree, the terms were still agreed upon by counsel who had the authority to do so.

Ultimately, Defendant is unable to justify its delay in getting this matter finalized. Its only attempt to explain the four-month delay is an 11-day vacation by counsel of record (while ignoring the availability of other counsel of record). Moreover, assuming BPW approval is required, the process is not onerous, as the statute makes clear that no hearing is required, and the only part of the settlement that BPW will approve is the monetary payment, not the equitable terms. While Defendant characterizes its efforts to finalize the Decree as "diligent," the opposite is true, and it offers this Court the same generalities it has been offering the Commission. Defendant's brief asserts that,

- "Defendant is waiting on the approval of the BPW agenda items and settlement to be added to BPW's agenda."[3] (ECF No. 72-1 at 5).
- "Defendant has to be added to the Department of Budget and Management's standing agenda item." (*Id.*).
- "Defendant is continuing to work to receive internal approval of the draft Consent Decree, agenda items and letters to the Department of Budget and Management's Secretary Grady that are required in order to be added to BPW's agenda" [4] (ECF No. 72-1 at 7).

Earlier, to the Commission, Defendant stated,

- "Writing to express MDH's appreciation for the EEOC's patience in this matter. MDH is committed to addressing the issues raised in the EEOC's lawsuit. To that end we are happy to schedule a call to address your concerns. Additionally, should the EEOC wish to

---

[2] Indeed, Defendant's counsel's 7/24/24 email to EEOC counsel suggests some form of authority: "Additionally, they have asked me to revise my settlement authority memorandum." ECF No. 72-4. To the extent Defendant's counsel's authority is in dispute, it is disputed solely within the Office of Attorney General.

[3] Defendant's circular references to an approval process that is entirely within its own control results in a lack of urgency and accountability.

[4] *See* note 3.

4

participate in the BPW meeting once the matter is on the agenda here is the link to request speaker time." (ECF No. 72-4).

- "MDH has submitted all of the required paperwork and we will continue to follow up. Unlike other agencies, MDH does not have a standing agenda item at BPW, we have to be added to DBM's standing agenda. To get on the agenda paperwork has to go to BPW 2 weeks before the meeting. If OAG civil approves the item can be added to the August 7th agenda." (ECF No. 71-2).

So while the claimants continue to wait for wages and damages that were due to them years earlier, and while equitable relief is delayed so that conditions remain ripe for future wage violations, Defendant just claims to be waiting, and waiting, for action that is entirely within its own power to initiate. Its proposed Order invites the Court to do the same and allow for more open-ended waiting devoid of any accountability imposed on Defendant. The Commission requests that the Court put this matter to rest and grant EEOC's Motion to Enforce the Parties' Agreed-To Consent Decree.[5]

Respectfully submitted,

/s/
Debra M. Lawrence (Bar No. 04312)
Regional Attorney
U.S. EEOC
Baltimore Field Office
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland 21201
410 801-6691
Debra.lawrence@eeoc.gov

---

[5] EEOC's proposed Order requests that the Court order Defendant to place this matter on BPW's agenda for its next meeting, or in the alternative, order the parties to submit the Consent Decree to the Court for the Court's entry thereof.