## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY    *
COMMISSION,    *
   *
         Plaintiff,    *
   *       Civil No.: MJM-22-2407
    v.    *
   *
THOMAS B. FINAN CENTER,    *
   *
         Defendant.    *
   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM</u>

Currently pending before the Court is a proposed consent decree filed jointly by the parties. (ECF No. 79).

"Consent decrees have a dual nature, carrying elements 'of both judgment and contract.'" *League of Women Voters of Virginia v. Virginia State Bd. of Elections*, 481 F. Supp. 3d 580, 586–87 (W.D. Va. 2020) (citing *Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 152 (4th Cir. 2002)). "A consent decree 'embodies an agreement of the parties and thus in some respects is contractual in nature.' . . . But it is also 'an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree.'" *Texas v. New Mexico*, 144 S. Ct. 1756, 1764 (2024) (citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378 (1992)).

In deciding whether to enter a proposed consent decree, "the court must satisfy itself that the agreement 'is fair, adequate, and reasonable' and 'is not illegal, a product of collusion, or against the public interest.'" *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (quoting *United States v. Colorado,* 937 F.2d 505, 509 (10th Cir. 1991)). Determining the fairness and adequacy of the proposed consent decree involves an assessment of the strength of the plaintiff's case. *Id.* "[T]his assessment does not require the court to conduct 'a trial or a rehearsal of the trial,' [but] the court must take the necessary steps to ensure that it is able to reach 'an informed, just and reasoned decision.'" *Id.* (citation omitted). The court should also "consider the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiffs' counsel who negotiated the settlement." *Id.* (citation

omitted). Although consideration of a proposed consent decree calls for some level of judicial scrutiny, the court "should be guided by the general principle that settlements are encouraged." *Id.*

The Court has reviewed the parties' proposed consent decree (ECF No. 79), as well as the plaintiff's amended complaint (ECF No. 7), the defendant's answer (ECF No. 8), the parties' joint status report dated June 16, 2023 (ECF No. 42), the parties' cross motions for summary judgment (ECF Nos. 46 & 55), the plaintiff's motion to enforce the agreed-upon consent decree (ECF No. 71),[1] the defendant's response in opposition (ECF No. 72), the parties status report dated November 21, 2024 (ECF No. 78), and other matters filed in this case. Upon review of the foregoing, the Court makes the following findings:

1. The parties' proposed consent decree follows approximately 18 months of litigation.

2. After substantially completing discovery, participating in a settlement conference, and preparing and filing dispositive motions, the parties obtained a stay of the case and negotiated the terms of the proposed consent decree over the course of several weeks, between April and June 2024.

3. The terms of the proposed consent decree are fair and adequate and reflect a reasonable settlement of claims and issues raised in the parties' pleadings and dispositive motions.

4. The terms of the proposed consent decree are not against the public interest and are not illegal.

5. The Court has been presented no information to suggest that the terms of the proposed consent decree are a product of collusion.

6. The plaintiff agency is represented by experienced counsel.

Accordingly, the consent decree shall be approved by a separate signed docket entry.


  November 27, 2024                              /S/
Date                                    Matthew J. Maddox
                                        United States District Judge

---

[1] This motion was recently withdrawn. *See* ECF Nos. 77 & 80.